Sanders, Janet L., J.
These consolidated actions arise from a dispute regarding the submission to and payment of charges by MassHealth for ambulance services rendered by Cataldo Ambulance Service, Inc. (Cataldo). In one action, the Attorney General’s Office (AGO) alleges that Cataldo systematically overbilled for those services; it seeks a declaration to that effect and a determination that Cataldo defrauded the Commonwealth of over $638,248. Civ. No. 16-1521 BLS 1. In the second action, Cataldo seeks its own declaration that, under the applicable regulations, its charges were proper. Civ. No. 16-1279 BLS 1.
On June 23, 2016, after these lawsuits were instituted, MassHealth notified Cataldo that it was withholding a certain percentage of payments due to Cataldo for services rendered to MassHealth members until MassHealth was able to recoup the amount that the AGO contends was overbilled. Cataldo now seeks an injunction to prevent that withholding. In a margin endorsement, this Court denied Cataldo’s Motion for a Preliminary Injunction, relying on the reasons set forth in the Commonwealth’s Opposition. This Memorandum sets forth those arguments which were of particular importance to this Court in reaching that conclusion.
A party seeking a preliminaiy injunction has the burden of showing that: 1) it is likely to succeed on the merits of its claims; and 2) it will suffer irreparable harm if the injunction does not issue. Tri-Nel Management, Inc. *494 v. Board of Health of Barnstable, 433 Mass. 217, 219 (2001). Because Cataldo is seeking to enjoin government action, this Court also considers the public interest. Cote-Whiteacre v. Dep’t of Pub. Health, 446 Mass. 350, 357 (2006). Cataldo concedes that it -will not suffer irreparable harm if no injunction issues. Although the withholding of payments will cause it some financial difficulty (amounting to a “serious hit to its cash flow” as counsel described it), this difficulty is not so substantial as to threaten the company’s existence. On the other hand, there is clearly a public interest in protecting public funds—funds which are placed at risk if there is ultimately a determination of overbilling and MassH-ealth is not able to recover those amounts.
As to the likelihood of success on the merits, Cataldo concedes that the Attorney General has the legal authority to withhold Medicaid payments to a provider under certain circumstances. That legal authority is found in 45 C.F.R. 455.23, which states:
The state Medica id Agency [MassHealth] must suspend all Medicaid payments to a provider after the agency determines there is a credible allegation of fraud for which an investigation is pending under the Medicaid program against an individual or entity unless the agency has good cause to not suspend payments or to suspend payment only in part.
A failure to abide by this regulation puts the agency at risk of losing federal funds. See 42 U.S.C. §1396(b)(i)(2)(C). Cataldo, argues, however, that there are no “credible allegations of fraud” which would justify the suspension of payments here. In support of that assertion, it notes that MassHealth first questioned Cataldo’s interpretation of the regulations at issue several years ago and yet took no action to suspend payments. Rather, it waited until after these legal actions were instituted before suspending payments—a decision that Cataldo maintains is an “abuse of discretion.” But Section 455.23 does not make the suspension of payments discretionary: payments “must” be suspended if there are credible allegations of fraud. Such allegations are set forth in the AGO’s Complaint—allegations which Cataldo makes no effort to rebut in substance. Nor does the regulation foreclose MassHealth from taking action well after it first discovers a billing problem. Although an agency may, with “good cause,” choose not to suspend payments immediately, neither is there any legal basis for penalizing the agency for delay.
Accordingly, because Cataldo can show neither a likelihood of success on the merits nor irreparable harm, the Motion for Preliminary Injunction is DENIED.